IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIEMENS WATER TECHNOLOGIES, LLC, | § § § § § | |
| Plaintiff, | | |
| v. | § § § § § § | CIVIL ACTION NO. H-14-00049 |
| DARNELL SOOTER, | | |
| Defendant. | | |

MEMORANDUM AND ORDER

Pending is Plaintiff Siemens Water Technologies, LLC's Emergency Motion to Remand (Document No. 3).[1]  Having carefully considered the motion, response, reply, and the applicable law, the Court concludes that the motion to remand should be GRANTED.

Plaintiff Siemens Water Technologies, LLC ("Siemens")[2] provides water and wastewater treatment products, systems, and

---

[1] Also pending is Defendant's Opposed Motion to Consolidate (Document No. 14).  Because the Court does not have subject matter jurisdiction over Plaintiff's claims, the Motion to Consolidate is DENIED as moot.  See Washington v. Burley, Civ. A. No. 3-12-154, 2012 WL 5289682, at *2 (S.D. Tex. Oct. 23, 2012) (Costa, J.) ("The relationship between consolidation and subject matter jurisdiction has arisen in cases in which defendants improperly removed cases with no basis for federal jurisdiction and then sought to establish jurisdiction by consolidating the removed cases with other federal cases.  The courts addressed the remand issue first because a court must have jurisdiction over a case before it can start applying procedural mechanisms like consolidation.").

[2] On January 16, 2014, Siemens Water Technologies LLC changed its legal name to Evoqua Water Technologies LLC.  Document No. 11 at 1.

services for industrial, business, and municipal customers.[3] Defendant Darnell Sooter ("Sooter") began work for Siemens in 1996 as a Dispatcher.[4] She later was promoted to Office Manager, and then to Mobile Manager.[5] In 2012, Sooter was "transitioned" to a non-managerial Administrative Functional Support role.[6] Siemens alleges that in 2002, Sooter executed a Confidentiality and Development Agreement (the "Confidentiality Agreement"), in which she promised not to use or disclose any of Siemens's confidential information.[7] Throughout Sooter's employment, Siemens also issued a series of confidentiality and data security policies prohibiting employees from taking or misusing Siemens's "trade-secret, confidential and proprietary information."[8]

In June, 2013, Sooter filed Title VII sex discrimination and retaliation claims against Siemens and two related entities,[9] based upon her demotion to the Administrative Functional Support position. <u>Sooter v. Siemens Industry, Inc., et al</u>, Civ. A. No.

---

[3] Document No. 1-1 ¶ 13 (Orig. Pet.).

[4] <u>Id.</u> ¶ 15.

[5] Document No. 1-1 ¶ 15.

[6] <u>Id.</u>

[7] <u>Id.</u> ¶ 16.

[8] <u>Id.</u> ¶ 17.

[9] Siemens, Siemens Industry, Inc., and Siemens Water Technologies Holding Corp. are defendants in the Title VII suit.

13-cv-1832, Document No. 1 (the "Title VII suit").[10] Siemens alleges that, in the course of discovery in the Title VII suit, Sooter produced documents containing Siemens's confidential information.[11] Siemens alleges that these documents revealed that Sooter since as early as 2001, has been "copying, taking and retaining" Siemens's confidential information, and that she sent some of this information to her mother and to her attorney's office.[12] After an investigation into Sooter's conduct, Siemens terminated her on November 11, 2013.[13]

Siemens brought this suit in state court against Sooter for breach of contract and misappropriation.[14] Sooter removed the case to this Court based on federal question jurisdiction and supplemental jurisdiction over Siemens's claims.[15] Siemens moves to remand.[16]

I. Legal Standard

Under 28 U.S.C. § 1441, an action filed in state court may be removed to federal court when (1) federal jurisdiction exists and

---

[10] The Title VII suit was assigned to Judge Keith Ellison.

[11] Document No. 1-1 ¶¶ 21-24.

[12] Id. ¶¶ 25-26.

[13] Id. ¶ 29.

[14] Document No. 1-1.

[15] Document No. 1.

[16] Document No. 3.

3

(2) the removal procedure is properly followed. The removing party bears the burden of establishing that federal jurisdiction exists over the controversy. Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 (5th Cir. 1998). Any doubt about the propriety of the removal is to be resolved in favor of remand. See Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000); Walters v. Grow Grp., Inc., 907 F. Supp. 1030, 1032 (S.D. Tex. 1995) (Harmon, J.).

Federal jurisdiction exists if a plaintiff's well-pleaded complaint raises a claim that arises under federal law. 28 U.S.C. § 1331. Generally, a plaintiff is the master of the complaint and may avoid federal jurisdiction by relying exclusively on state law. Caterpillar Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987). However, even where a plaintiff expressly relies only on state law claims, his complaint may nevertheless arise under federal law in certain circumstances where the state law claim necessarily raises a substantial federal issue. See Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008) ("The federal courts have jurisdiction over a state law claim that 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'") (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 125 S.Ct. 2363, 2368 (2005)). "A defendant cannot establish

federal question jurisdiction merely by showing that federal law will 'apply' to a case or that there is a 'federal issue' in the plaintiff's state law causes of action." Heston v. AAA Apartment Locating, No. C-09-151, 2009 WL 2244497, at *3 (S.D. Tex. July 24, 2009) (Jack, J.) (citing Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 366 (5th Cir. 1995)). Nor can a defendant rely on federal issues that may be present in a defense. Bernhard, 523 F.3d at 551 ("Even an inevitable federal defense does not provide a basis for removal jurisdiction.").

## II. Discussion

In her Notice of Removal, Sooter argues that the Court has federal question jurisdiction because Siemens's claims arise under patent law and are related to whether Siemens has an affirmative defense to liability in her separate Title VII suit, and that the Court possesses supplemental jurisdiction because the claims made in this suit are compulsory counterclaims that must be raised in her Title VII suit.[17]

A. Siemens's claims do not 'arise under' federal patent law

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.". 28 U.S.C.

---

[17] Document No. 1.

§ 1338(a). Sooter asserts that the Confidentiality Agreement signed by Sooter defines "Confidential Information" to include "Developments," which are in turn defined to include "works of authorship whether or not copyrightable, and other works (whether or not patentable . . .)."[18] Hence, she argues, the Court has original jurisdiction as a claim under patent law.

That the Confidentiality Agreement's definition of "Confidential information" should include--among other things--Siemen's intellectual property that may or may not be copyrightable or patentable, does not make this a suit arising under the copyright or patent laws of the United States. Siemens makes no such claim under the patent laws, but rather alleges only state law claims for breach of contract and misappropriation. The mere presence of the words "patent" and "copyright" in the Confidentiality Agreement do not create a substantial federal question for adjudication in this case. See Uroplasty, Inc. v. Advanced Uroscience, Inc., 239 F.3d 1277, 1280 (Fed. Cir. 2001) (plaintiff's state law claims for breach of contract, breach of fiduciary duty, and trade secret misappropriation did not 'arise under' federal patent law merely because plaintiff alleged that former employee used its trade secrets in the preparation and filing of a patent application because "the mere presence of the patent does not create a substantial issue of patent law.").

---

[18] Id.; Document No. 1-1, ex. 2 at 3.

B.  That Siemen's state law claims may constitute an affirmative defense or compulsory counterclaim in Sooter's Title VII case is not a substantial question of federal law in this case

Sooter argues that the resolution of Siemens's claims "necessarily depends on a substantial question of federal law, i.e. whether [Siemens has] an affirmative defense of after acquired evidence" in the Title VII suit.[19] The presence of Sooter's Title VII case in federal court is not a basis for removal jurisdiction over Siemens's state law claims where the Court otherwise lacks original jurisdiction. *See* Energy Mgmt. Servs., LLC v. City of Alexandria, 739 F.3d 255, 260 (5th Cir. 2014) ("That a related case was pending in federal court [i]s not in itself sufficient grounds for removal under 28 U.S.C. § 1441.") (quoting Fabricius v. Freeman, 466 F.2d 689, 693 (7th Cir. 1972)). Moreover, a substantial and necessary federal question must be present on the face of Siemens's well-pleaded complaint, and cannot be found by looking to defenses that might be raised in the present action, let alone by looking to those that may come up in a separate action. *See* Bernhard, 523 F.3d at 551. Similarly, Sooter's supplemental jurisdiction theory is without merit. Even if Siemens's claims are compulsory counterclaims that must be raised in the Title VII suit, which Siemens disputes, the supplemental jurisdiction statute, 28 U.S.C. § 1367, does not provide for removal jurisdiction. *See*

---

[19] Document No. 1 at 3.

Halmekangas v. State Farm Fire and Cas. Co., 603 F.3d 290, 295 (5th Cir. 2010) ("Supplemental jurisdiction on its own does not give federal courts the power to remove a state case that does not arise from a federal question or offer complete diversity of citizenship.").[20] Accordingly, Plaintiff's Motion to Remand is GRANTED.

Siemens's request for an award of unspecified costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c) is DENIED.

### III. Order

For the foregoing reasons, it is

ORDERED that Plaintiffs' Emergency Motion to Remand (Document No. 3) is GRANTED, and this case is REMANDED to the 410th Judicial District Court of Montgomery County, Texas pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

The Clerk will mail a certified copy of this Memorandum and Order to the Clerk of the 410th Judicial District Court of Montgomery County, Texas, as required by 28 U.S.C. § 1447, and

---

[20] *See also* Sovereign Bank, N.A. v. Lee, No. CV 13-2756, 2013 WL 5081731, at *3 (E.D.N.Y. Sept. 12, 2013) ("The Removing Defendants allege the existence of federal question jurisdiction based upon the assertion that the foreclosure action is either related to, or constitutes a compulsory counterclaim in the pending [federal suit]. . . . [I]t is well settled that neither theory can support removal. Where, as here, no federal claim is stated on the face of Plaintiff's complaint, and the only basis asserted for removal is a claim of a related defense, counterclaim or other pending action, the matter is properly remanded to the state court.").

shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 24TH day of February, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE